UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEAN R. BRATSCH, ) | CASE NO. 1:14-CV-371 |
| ) | |
| Plaintiff, ) | JUDGE BENITA PEARSON |
| ) | |
| v. ) | MAGISTRATE JUDGE McHARGH |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | **REPORT & RECOMMENDATION** |
| ) | |
| Defendant. ) | |

Plaintiff, Dean R. Bratsch, proceeding pro se, filed the instant suit seeking judicial review of the Defendant's, the Commissioner of Social Security, unfavorable decision disallowing benefits. This case is before the Magistrate Judge pursuant to Local Rule 72.2(b).

For the reasons that follow, the Court recommends that Plaintiff's case should be DISMISSED without prejudice.

## I. PROCEDURAL HISTORY

Plaintiff filed the Complaint in the above-referenced action on February 19, 2014. (Doc. No. 1). Defendant filed its Answer and Transcript on May 13, 2014. (Doc. Nos. 11, 12). By operation of the Magistrate Judge's Initial Order, Plaintiff should have filed his Brief on the Merits by July 14, 2014. (Doc. No. 6). Plaintiff neither filed his brief nor requested an extension of time to do so. Therefore, the brief was overdue.

On July 29, 2014, the Court issued an Order to Show Cause instructing Plaintiff to explain why the Court should not recommend dismissal of the instant case for failure to timely file his Brief on the Merits. (Doc. No. 13). Plaintiff was ordered to do so by no later than August 12, 2014, and that day has passed. (*Id.*). To date, Plaintiff has not shown cause as to why the Court should not dismiss his case, filed his brief, or requested an extension of time to file such.

1

## II.   LAW & ANALYSIS

A federal trial court may dismiss a case *sua sponte* for a plaintiff's failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, or failure to comply with a court order.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962); *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 232 (6th Cir. 1983).  The authority of district courts to dismiss *sua sponte* for lack of prosecution is "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31.

Here, Plaintiff has failed to prosecute his case and has failed to comply with the Court's Order.  Plaintiff's brief is now a month overdue.  Plaintiff has neither moved for an extension of time, nor shown good cause for his tardiness.  Therefore, Plaintiff's case should be dismissed. *See Graham v. Astrue*, No. 5:10-CV-1999, 2011 WL 255437 (N.D. Ohio Jan. 24, 2011) (dismissing plaintiff's case where the court ordered plaintiff to file a Brief on the Merits or show cause why the case should not be dismissed, and plaintiff failed to do so in the allotted time frame).

## III.   CONCLUSION

Accordingly, the undersigned recommends that Plaintiff's Complaint be DISMISSED without prejudice.

                     *s/ Kenneth S. McHargh*
                     Kenneth S. McHargh
                     United States Magistrate Judge

Date: August 13, 2014.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1).  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).